[51 NE3d 560, 32 NYS3d 49]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL JOSEPH, Appellant.

Argued March 31, 2016; decided May 3, 2016

### APPEARANCES OF COUNSEL

*Seymour W. James, Jr., The Legal Aid Society*, New York City (*Arthur H. Hopkirk* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Lindsey Richards, Manu K. Balachandran* and *Grace Vee* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

The issue of whether the police had probable cause to arrest defendant involves a mixed question of law and fact (*see People v Oden*, 36 NY2d 382, 384 [1975]) and is therefore beyond this Court's further review power if the Appellate Division's determination is supported by evidence in the record. In this case, there is record support for the conclusion that the police possessed probable cause.

Members of the New York Drug Enforcement Task Force were following a man whom they knew to be a narcotics trafficker, based on confidential information confirmed by subsequent surveillance, as he drove through Manhattan. One of the experienced narcotics officers saw defendant and the surveillance target engage in a hasty interaction indicative of a drug transaction, in which defendant took a bag from the trunk of the target's motor vehicle, while the target remained in the driver's seat. Defendant was arrested, and a search of his person incident to arrest recovered a bag containing cocaine. Defendant moved to suppress the physical evidence, contending that the officers lacked probable cause to arrest him.

After a *Darden* hearing (*see People v Darden*, 34 NY2d 177 [1974], *rearg denied* 34 NY2d 995 [1974]), Supreme Court found that the confidential information had given the police "cause to believe" that the surveillance target was engaged in "drug activity." Insofar as a *Darden* hearing is held to ensure "that the confidential informant both exists and gave the police information sufficient to establish probable cause" (*People v Edwards*, 95 NY2d 486, 494 [2000]), it may be inferred from the *Darden* hearing court's ruling, which was adopted by the suppression court for the purpose of determining probable cause, that the confidential information was not stale by the time of defendant's arrest.

Furthermore, the officer's justified belief that the surveillance target was trafficking in narcotics, together with the manner in which the bag was removed from the car, support the lower courts' conclusion that the police had probable cause to arrest defendant for criminal possession of a controlled substance. Record support for probable cause may be found on the basis of "indicia of a drug transaction" known to "an experienced officer . . . trained in the investigation and detection of narcotics," which include "handl[ing] [an] unidentified object in a manner typical of a drug sale" (*People v Jones*, 90 NY2d 835, 837 [1997]; *see generally People v McRay*, 51 NY2d 594, 601-602 [1980]).

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Order affirmed, in a memorandum.